**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANICE SMETS, | No. 08-56960 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-06461-DDP-FMO |
| v. | |
| DONALD C. WINTER, Secretary of the Navy Substituted for Gordon R. England | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted March 5, 2010[**]
Pasadena, California

Before: GOULD, IKUTA and N.R. SMITH, Circuit Judges.

The Navy provided a legitimate non-discriminatory reason for its 2003

decision to eliminate use of video teletraining technology. The district court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

precluded Smets from introducing internet printouts to establish the cost-effectiveness of the video teletraining program, a ruling that Smets does not challenge on appeal, and Smets introduced no other evidence that the Navy's proffered reason was pretextual or that the decision was in retaliation for Smets's EEOC activity. Therefore, Smets did not establish a genuine issue of material fact as to retaliation. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 n.6 (9th Cir. 2006); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062–63 (9th Cir. 2002).

Nor did Smets create a genuine issue of material fact as to her claim that the Navy rescinded its 2006 job offer in retaliation against Smets's EEOC activity. Smets failed to produce any evidence regarding the content of the telephone call between Sanchez and a Navy attorney, and her textually unsupported interpretation of Sanchez's declaration does not create a genuine issue of material fact. *See Villiarimo,* 281 F.3d at 1061, 1065 n.10.

Although Smets administratively exhausted her claim that the job offered by the Navy in 2003 was not substantially equivalent to the one offered in 1995, Smets's evidence is limited to her testimony that two instructors informally told her that the 1995 position required less travel than set forth in the official job description. Such uncorroborated and self-serving testimony is insufficient to raise a genuine issue of material fact. *See id.* For the same reason, Smets's challenge to

the EEOC's 2005 order fails.  *Id.*  Finally, a de novo review of Smets's 2003 age discrimination claim is time barred.  *See* 29 C.F.R § 1614.407(a), (c).

**AFFIRMED.**